**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**TRACI ALDAY,**

**Plaintiff,** **CASE NO.:**

**v.**

**LOUIS S. ROBERTS III, in his official capacity as Sheriff, Jackson County, Florida, TREVOR LEE, individually, and JOHN ALLEN, individually,**

**Defendants.**
**______________________________________/**

## COMPLAINT

Plaintiff, TRACI ALDAY, hereby sues Defendants, LOUIS S. ROBERTS III, in his official capacity as Sheriff, Jackson County, Florida, TREVOR LEE, individually, and JOHN ALLEN, individually, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the common law of the State of Florida and for violations of the Fourth and Fourteenth Amendments to the United States Constitution, brought through 42 U.S.C. §1983. Attorney's fees and costs are sought under 42 U.S.C. §1988.

2. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, TRACI ALDAY (hereinafter referred to as "Plaintiff" or "ALDAY") was a resident of the State of Florida and Plaintiff is *sui juris*.

4. At all times pertinent hereto, Defendant, LOUIS S. ROBERTS III (hereinafter "ROBERTS" or "SHERIFF"), in his official capacity as Sheriff of Jackson County, has been organized and existing under the laws of the State of Florida as the Jackson County Sheriff's Office with its headquarters located at Marianna, Florida (hereinafter "JCSO").

5. At all times pertinent hereto, Defendant, TREVOR LEE (hereinafter "LEE"), has been a resident of the state of Florida. He is *sui juris*. At all times hereto, Defendant LEE was employed as a Deputy with JCSO.

6. At all times pertinent hereto, Defendant, JOHN ALLEN (hereinafter "ALLEN"), has been a resident of the state of Florida. He is *sui juris*. At all times hereto, Defendant ALLEN was employed as a Deputy with JCSO.

## CONDITIONS PRECEDENT

7. A written notice of intent to initiate litigation on Plaintiff's state law claims asserted herein, were timely submitted to Defendants pursuant to 768.28(6), Florida Statutes. Plaintiff has satisfied all conditions precedent to bringing this action, if any. This action is timely filed thereafter.

## STATEMENT OF FACTS

8. At all times pertinent hereto, Defendants LEE and ALLEN were employed by SHERIFF as deputies.

9. These Defendants, acting as a SHERIFF's deputy, both inside and/or outside the course and scope of their employment, willfully and maliciously agreed to and did engage in a civil conspiracy between and amongst themselves in furtherance of certain criminal, illegal and otherwise improper acts and conduct including but not limited to acts and conduct detailed herein. Specifically, these Defendants had an agreement between them to plant illegal drugs on unsuspecting citizens and others in Jackson County in violation of the Fourth Amendment, including Plaintiff, and to falsely charge Plaintiff with criminal acts Plaintiff did not commit which agreement included the preparation of false probable cause affidavits. These Defendants also had an agreement between them to engage in pretextual stops in violation of the Fourth Amendment in which unsuspecting citizens would have illegal drugs, drug paraphernalia and contraband planted on them. Based on these

agreements, these Defendants took actions to illegally stop, arrest and prosecute Plaintiff in violation of the Fourth Amendment which resulted in horrific damage to Plaintiff.

10. While acting in furtherance of the conspiracy, LEE and ALLEN, acting individually or in combination as co-conspirators, committed specific criminal, illegal, and tortious acts against Plaintiff as described in greater detail below. At all times pertinent hereto, Defendants LEE and ALLEN were acting in furtherance of the conspiracy and as a custom and practice of Defendant Sheriff of pretextual stops, planting illegal drugs, drug paraphernalia, and contraband on citizens within the State of Florida, falsifying probable cause affidavits to effect arrests, illegally detaining and arresting citizens and others within the State of Florida and maliciously prosecuting them. These actions violated the civil and constitutional rights of Plaintiff.

11. Plaintiff was damaged by the acts and conduct of LEE and ALLEN acting individually or in combination as detailed more fully herein.

12. On February 4, 2016, Plaintiff was driving a truck that was in the process of changing registered owners and did not realize she had improper tags.

13. ALDAY was pulled over by LEE who performed a search of the truck. There was no probable cause for the stop or search of her truck. In his

search LEE alleged that he fount methamphetamine and paraphernalia behind the bench seat of the truck which were false claims. LEE placed ALDAY under arrest.

14. ALDAY was then pressured by officers to become a confidential informant. ALDAY moved to Georgia, but still had to appear in court each month for over six months. ALDAY eventually plead no contest to the charge of possession of paraphernalia although it was clearly the property of another passenger in Plaintiff's vehicle which was known to LEE, and the felony charge of possession of methamphetamine was dismissed.

15. On January 21, 2018, ALDAY was stopped on her way to meet with her father for allegedly crossing over the center traffic line three separate times. ALDAY was able to pull into the shopping center where she was to meet with father when LEE turned his lights on in an attempt to pull ALDAY over.

16. Once stopped, LEE approached the truck with an investigator, ROLF SMITH (hereinafter "SMITH"). LEE began searching ALDAY's truck without probable cause and took a drink from the cupholder. ALDAY had just left a friend's house and intended to consume the drink during lunch.

17. LEE told ALDAY he was going to field test the cup for methamphetamine residue and, if positive, she would be charged for the entire weight of the drink. SMITH then began a field sobriety test.

18. After completing the test, SMITH walked ALDAY back to where LEE had completed the search of her truck. LEE claimed to have found a black overnight bag containing a glass pipe and a syringe. LEE also allegedly found a zippered pouch with ALDAY's name on it with a digital scale, syringe, and baggie with more residue in it. This black overnight bag was not Plaintiff's bag and she disputes that there were drugs or other paraphernalia in this bag.

19. SMITH advised ALDAY that if she did not want to go to jail that she would call another deputy, ALLEN, and gave the deputy's number to ALDAY. ALDAY contacted ALLEN and ALLEN informed ALDAY that he would "hold" ALDAY's warrant until she worked for them doing controlled buys.

20. The next day, ALDAY complied and conducted a controlled buy. ALDAY then explained to ALLEN that a lot of people though she was working for them and it would be hard for her to do what they were asking of her.

21. As a result, ALDAY stopped driving for a period of time.

22. On June 26, 2018, LEE stopped ALDAY once again. ALDAY and her passenger had been driving on Rocky Creek Road when they had passed LEE pulling over another vehicle on the side of the road. After ALDAY passed LEE, he left this other vehicle and began following her.

23. ALDAY had noticed LEE following her and knew it was best to stop completely at the approaching stop sign, so there would be no trouble from LEE.

Not long after stopping and turning right on Highway 71, LEE turned his lights on. ALDAY pulled into a McDonald's parking lot.

24. LEE alleged that he pulled her because her wheels never stopped turning at the stop sign, which was false. ALDAY asked if LEE had this on camera and LEE pulled out his K9 in retaliation.

25. LEE stated that the dog had alerted on ALDAY's door and LEE would have to conduct a search of the vehicle. ALDAY allowed the search and upon finding nothing, LEE let ALDAY go.

26. Prior to September 17, 2018, ALLEN contacted ALDAY and told her she was running out of time to do what they wanted regarding her being a confidential informant. He stated that he would be filing the warrant for her arrest. On September 17, 2018, ALDAY was at the Clerk of Court's office when a bailiff approached her and notified her that she had a warrant for her arrest. The bailiff then took ALDAY into custody on false charges of being in possession of illegal drugs and paraphernalia. The drug charges were dismissed and Plaintiff was forced to plead to a false reckless driving charge.

27. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the laws referenced above.

**COUNT I**
**COMMON LAW FALSE IMPRISONMENT/ARREST**
**(Against Defendant Roberts)**

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

29. This is an action against Defendant ROBERTS in his official capacity for common law false imprisonment/arrest. This Count is pled in the alternative and for the purposes of this count, Defendants, ALLEN and LEE, were acting within the course and scope of employment with Defendant SHERIFF.

30. Plaintiff is entitled to relief against ROBERTS in that he, through his employees and/or agents, intentionally and unlawfully detained and restrained Plaintiff, when Plaintiff was unlawfully seized and deprived of their liberty without any reasonable cause or color of authority and maintained such complete restraint and deprivation for a period of time.

31. This unlawful restraint of the Plaintiff's liberty was also accomplished by ROBERTS' confining Plaintiff to an area in which the Plaintiff did not wish to be confined.

32. Plaintiff was further restrained by ROBERTS' use of coercive words and threats of force as well as actual force and immediate means of coercion against Plaintiff, so that Plaintiff was restrained and deprived of liberty. ROBERTS restrained Plaintiff without any justification and in the absence of

probable cause. ROBERTS, through his agents and assigns, planted drugs, drug paraphernalia and other items to falsely arrest Plaintiff and others within Jackson County over a period of years. Roberts knew of should have known of the actions of his deputies in effecting these arrests.

33. At all times material to this action, and at all times during which Plaintiff was unlawfully restrained, the Plaintiff was restrained against Plaintiff's will, and without consent, so that Plaintiff was not free to leave Plaintiff's place of confinement.

34. As a direct and proximate cause of Defendant ROBERTS' actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendant ROBERTS is jointly and severally liable to Plaintiff.

## COUNT II
## COMMON LAW FALSE IMPRISONMENT/ARREST
## (Brought Against Defendant Lee)

35. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

36. This is an action against Defendant LEE for common law false imprisonment/arrest. This Count is pled in the alternative and for the purposes of this count, LEE was acting outside the course and scope of his employment with Defendant SHERIFF.

37. The Plaintiff identified in the paragraphs herein is entitled to relief against LEE in that he intentionally and unlawfully detained and restrained Plaintiff, when Plaintiff was unlawfully seized and deprived of Plaintiff's liberty without any reasonable cause or color of authority and maintained such complete restraint and deprivation for a period of time.

38. This unlawful restraint of the Plaintiff's liberty was also accomplished by LEE confining Plaintiff to an area in which the Plaintiff did not wish to be confined.

39. Plaintiff was further restrained by LEE's use of coercive words and threats of force as well as actual force and immediate means of coercion against Plaintiff, so that Plaintiff was restrained and deprived of liberty. LEE restrained Plaintiff without any justification and in the absence of probable cause.

40. At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against Plaintiff's will, and without consent, so that Plaintiff was not free to leave Plaintiff's place of confinement. LEE engaged in a pattern of planting drugs on

persons such as Plaintiff, drug paraphernalia and other items to falsely arrest Plaintiff and others within Jackson County over a period of years.

41. As a direct and proximate cause of Defendant LEE's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendant LEE is jointly and severally liable to Plaintiff.

**COUNT III**
**COMMON LAW FALSE IMPRISONMENT/ARREST**
**(Brought Against Defendant ALLEN)**

42. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

43. This is an action against Defendant ALLEN for common law false imprisonment/arrest. This Count is pled in the alternative and for the purposes of this count, ALLEN was acting outside the course and scope of his employment with Defendant SHERIFF.

44. Plaintiff is entitled to relief against ALLEN in that he intentionally and unlawfully detained and restrained Plaintiff subject to this Count when Plaintiff was unlawfully seized and deprived of their liberty without any reasonable cause or color

of authority and maintained such complete restraint and deprivation for a period of time.

45. This unlawful restraint of the Plaintiff's liberty was also accomplished by ALLEN confining Plaintiff to an area in which the Plaintiff did not wish to be confined.

46. Plaintiff was further restrained by ALLEN's use of coercive words and threats of force as well as actual force and immediate means of coercion against Plaintiff, so that the Plaintiff was restrained and deprived of liberty. ALLEN restrained Plaintiff without any justification and in the absence of probable cause. Lee planted drugs, drug paraphernalia and other items to falsely arrest Plaintiff and others within Jackson County over a period of years.

47. At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against Plaintiff's will, and without consent, so that Plaintiff was not free to leave Plaintiff's place of confinement.

48. As a direct and proximate cause of Defendant ALLEN's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and

will most likely occur in the future. Defendant ALLEN is jointly and severally liable to Plaintiff.

**COUNT IV**
**CIVIL CONSPIRACY**
**(Against Allen and Lee)**

49. Paragraphs 1 through 27 above are re-alleged and incorporated herein by reference.

50. This is an action against Defendants ALLEN and LEE for civil conspiracy to violate Plaintiff's constitutional rights and other rights.

51. ALLEN and LEE agreed to commit and did commit unlawful and tortious acts against Plaintiff, and acted collectively in doing so, including but not limited to conducting illegal traffic stops, conducting illegal searches of Plaintiff's vehicle or vehicle in which Plaintiff was a passenger, and on Plaintiff's person, placing illegal drugs, drug paraphernalia, narcotics equipment and devices, and other contraband on or around Plaintiff, illegally arresting and detaining Plaintiff, causing the malicious criminal prosecution of Plaintiff, making illegal false sworn statements in official documents regarding Plaintiff, and violating the civil and constitutional rights of Plaintiff against illegal search and seizure of Plaintiff's person and property, and their illegal and improper detention, prosecution and incarceration, for which there was no justification or legal basis.

52. As a direct and proximate result of the actions taken by Defendants ALLEN and LEE, Plaintiff suffered serious injury, including but not limited to economic damages, including past and future wage losses, loss of benefits, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present and will occur in the future.

53. As a direct and proximate result of the foregoing unlawful and tortious acts and omissions taken by Defendants ALLEN and LEE, Plaintiff suffered violations of their civil and constitutional rights, unlawful seizures of Plaintiff's person and property, loss of liberty, mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT V**
**FALSE ARREST BROUGHT UNDER 42 U.S.C. §1983**
**(Against Defendant Roberts)**

54. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

55. This count sets forth a claim against Defendant ROBERTS, who through his officers, deputies, employees, and agents, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from

unlawful and false arrests. These violations were of the type and character as to which any reasonable law enforcement agency and/or officer would be aware. At all times pertinent hereto, Roberts was responsible for the deputies and employees working with JCSO including supervising, overseeing, training and establishing policies, customs and procedures to conform their conduct to the United States Constitution and Florida law.

56. At all times pertinent hereto, Roberts was responsible for (1) creating, adopting and implementing rules, regulations, orders, policies and procedures in the proper and effective hiring, supervising and retaining of law enforcement officers who do not have a propensity towards lying, planting evidence and falsifying probable cause affidavits to effect arrests; (2) creating, adopting and implementing rules, regulations, orders, policies and procedures for the proper and efficient training of law enforcement officers in a way and to an extent necessary to ensure that the officers are properly completing probable cause affidavits and not planting evidence on citizens in Jackson County; (3) creating, adopting and implementing rules, regulations, orders, policies and procedures for proper policing, enduring the elimination of corruption in his ranks and to ensure that his officers/deputies are properly stopping citizens with reasonable suspicion and arresting with probable cause; (4) creating, adopting and implementing rules, regulations, orders, policies and procedures for the proper and efficient supervision, control, discipline and

assignment of law enforcement officers in a way and to an extent necessary to ensure that citizens will not be subject to being falsely arrested; and (5) to implement rules, regulations, policies, orders and procedures for the elimination or reduction of instances of untruthfulness, including the unlawful arrests and instances of corroboration or ratification of untruthful accounts of criminal activities.

57. Through his officers, employees, and agents, and through his own actions and inactions ROBERTS, misused his powers, possessed by virtue of state law and made possible only because ROBERTS, his officers, employees and agents were clothed with the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

58. The foregoing actions of ROBERTS were taken in bad faith, with malicious purpose, and in a manner exhibiting willful and wanton disregard of human rights, safety and property, and were engaged in without any lawful justification and in the absence of probable cause. ROBERTS knew or should have known that there was no probable cause or other legal justification to arrest Plaintiff, given the circumstances present with SHERIFF's deputies and other personnel including but not limited to Defendants, ALLEN and LEE, who routinely engaged in a systematic pattern and practice of making illegal traffic stops, planting illegal drugs, drug paraphernalia, narcotics equipment, and other contraband on Plaintiff's

person or in their presence, making false statements in probable cause affidavits and other charging documents, and causing the false arrests, and seizures of Plaintiff.

59. Based upon the facts presented to ROBERTS through his officers, employees, and agents and applicable law, no reasonable law enforcement agency or officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was well settled and clearly established that the actions of ROBERTS, his delegates, deputies, officers, employees and agents constituted false arrest under the Fourth Amendment to the United States Constitution at the time the actions were engaged in.

60. The actions or inactions of ROBERTS as set forth in part above constituted deliberate indifference and/or reckless disregard for the constitutional rights of Plaintiff.

61. ROBERTS acted with deliberate indifference in the failure to implement adequate hiring and supervisory procedures--or implemented no such policies or procedures--to prevent the harm that was caused to Plaintiff including policies or procedures to properly identify suspects who committed criminal activity; policies and procedures to identify officers who falsify facts to support probable cause affidavits; policies and procedures to supervise officers/deputies in SHERIFF’s employ; policies and procedures to detect officers/deputies who may engage in criminal activity by planting drugs on innocent citizens like Plaintiff; the

rights of citizens the officers/deputies encounter in their duties; and policies and procedures to properly discipline officers/deputies who willfully trample on the constitutional rights of law abiding citizens like Plaintiff, and to prevent the type of harm described in part above, as a direct result of which Plaintiff was injured. ROBERTS was also deliberately indifferent in failing to train his officers in basic human dignity which resulted in constitutional violations as set forth in part above.

62. ROBERTS was deliberately indifferent in hiring, retaining and supervising the Defendants, ALLEN and LEE, and other deputies, as they were known to have engaged in constitutional violations prior to their illegal and malicious actions against Plaintiff described herein. After knowledge of the constitutional violations by ALLEN and LEE, and other deputies, ROBERTS failed to investigate their actions or to fire them, which ultimately led to the violation of Plaintiff's constitutional rights.

63. Roberts acted with deliberate indifference to the possibility of false arrests by his deputies, has encouraged the well-settled policy, practice and custom of these false arrests caused by planting drugs and other illegal things on Plaintiff and others in Jackson County. This involved Roberts knowledge of the disproportionate number of traffic stops in which drugs were located by Allen and Lee. Despite knowing of the unconstitutional behavior and the needs to take corrective actions, Roberts failed to do so.

64. Roberts was on notice, by the history of widespread abuse, of the need to correct the well-settled policy, practice and custom of Allen and Lee's extreme and illegal actions against the citizens in Jackson County. The need for more or different training and supervision had been so obvious and the inadequacy of same, combined with Roberts' conscious choice not to act, has resulted in the violation of constitutional rights, as alleged herein. Roberts, in further disregard of the citizens of Jackson County, has, with deliberate indifference, either failed to direct, failed to require or has sought to limit investigations by JCSO into its deputies/officers conduct such that it is well settled policy, practice and custom of JCSO to limit internal investigations, with few or no questions ever raised about Allen's and Lee's decisions to arrest multiples of citizens and others in Jackson County. By limiting the investigations, Allen's and Lee's illegal actions have continued, unchecked and have been ratified, condoned and/or consented to by Roberts.

65. Roberts, after being on notice of the history of the failure to properly investigate and thus address and correct the extreme and wanton acts of Allen and Lee and failed to do so, leading to the deprivation of Plaintiff's civil rights. The deprivation of civil rights described herein is a widespread pattern sufficient to notify Roberts and were obvious, flagrant, rampant and on continued duration over a period of years rather than isolated occurrences.

66. ROBERTS, individually and through delegated final decision makers, acted under color of state law and failed to supervise, investigate and discipline the ALLEN and LEE and other officers/deputies, employees and agents *as* alleged herein, and was deliberately indifferent in their training and supervision, the results of which were constitutional violations against Plaintiff and others. ROBERTS and his delegates failure to, supervise, investigate and discipline ALLEN and LEE and other officers/deputies, employees and agents, constitutes a willful failure to implement or enforce SHERIFF's policies and law by ROBERTS which resulted in the deliberate indifference to the constitutional rights of the Plaintiff set forth above.

67. ROBERTS supervisory and delegated final policymakers also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline ALLEN and LEE the individually named Defendants and other officers/deputies, employees, and agents, which established a policy and practice, by a final policymakers, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

68. The failures attributed to Roberts above including his ratification of Allen's and Lee's behavior, was a moving force or proximate cause of the injuries to Plaintiff.

69. The actions, inactions, well-settled polices, customs, practices and procedures referenced above were the moving force behind the violation of

Plaintiff's rights. Roberts were grossly negligent, reckless and/or deliberately indifferent to the health, safety and welfare of Plaintiff in that Roberts assented to the failure to properly train, supervise, control, conduct proper investigations into prior arrests of Allen and Lee, screen and review for continued employment, the person and conduct of Allen and Lee. As a result, Roberts knew of had reason to know that Allen and/or Lee would act unlawfully and he failed to stop their actions, resulting in the violations of Plaintiff's civil rights.

70. As a direct and proximate cause of ROBERTS' actions, Plaintiff has been damaged, which damages include: grave mental anguish. pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, lost wages and other tangible losses, loss of reputation, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT VI**
**FALSE ARREST BROUGHT UNDER 42 U.S.C. §1983**
**(Brought Against Allen)**

71. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

72. This count sets forth a claim against Defendant ALLEN, who, individually and in tandem, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from false arrests. These violations were

of the type and character as to which any reasonable law enforcement agency or officer would be aware.

73. ALLEN misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983. ALLEN is a person under the laws applicable to this Count.

74. The foregoing actions of ALLEN were engaged in bad faith, with malicious purpose, and in a manner exhibiting willful and wanton disregard of human rights, safety and property, and were engaged in without any lawful justification and in the absence of probable cause. ALLEN knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish "arguable probable cause." Defendant ALLEN illegally possessed and planted illegal drugs, controlled substances, narcotic equipment and drug paraphernalia on Plaintiff identified in this count. ALLEN falsified probable cause affidavits and other documents to cause the arrest and malicious prosecution of Plaintiff. These actions violated the Fourth Amendment to the United States Constitution.

75. Defendant ALLEN is a person under applicable law, and is liable to Plaintiff for the violation of legal and constitutional rights.

76. Based upon the facts presented to Defendant ALLEN, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was settled and clearly established that the actions of Defendant ALLEN constituted false arrest under the Fourth Amendment to the United States Constitution at the time the actions were engaged in.

77. The actions or inactions of Defendant ALLEN as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded a risk to Plaintiff's health and safety.

78. As a direct and proximate cause of Defendant ALLEN's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages.

**COUNT VII**
**FALSE ARREST BROUGHT UNDER 42 U.S.C. §1983**
**(Brought Against Lee)**

79. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

80. This count sets forth a claim against Defendant LEE, who, individually and in tandem, violated Plaintiff's rights under the Fourth Amendment to the United

States Constitution to be free from false arrests. These violations were of the type and character as to which any reasonable law enforcement agency or officer would be aware.

81. LEE misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983. Lee is a person under the laws applicable to this Count.

82. The foregoing actions of LEE were engaged in bad faith, with malicious purpose, and in a manner exhibiting willful and wanton disregard of human rights, safety and property, and were engaged in without any lawful justification and in the absence of probable cause. LEE knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish "arguable probable cause." Defendant LEE illegally possessed and planted illegal drugs, controlled substances, narcotic equipment and drug paraphernalia on Plaintiff identified in this count. LEE falsified probable cause affidavits and other documents to cause the arrest and malicious prosecution of Plaintiff. These actions violated the Fourth Amendment to the United States Constitution.

83. Defendant Lee is a person under applicable law, and is liable to Plaintiff for the violation of legal and constitutional rights.

84. Based upon the facts presented to Defendant LEE, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was settled and clearly established that the actions of Defendant LEE constituted false arrest under the Fourth Amendment to the United States Constitution at the time the actions were engaged in.

85. The actions or inactions of Defendant LEE as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded a risk to Plaintiff's health and safety.

86. As a direct and proximate cause of Defendant LEE's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages.

## COUNT VIII
## COMMON LAW MALICIOUS PROSECUTION
## (Brought Against Allen)

87. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

88. This count sets forth claims against Defendant A for malicious prosecution, and is pled in the alternative. For purposes of this count, Defendant LEE was acting outside the course and scope of his employment with SHERIFF

89. Defendant ALLEN caused the commencement and/or continuation of criminal proceedings against Plaintiff. The subject proceedings had bona fide terminations in Plaintiff's favor in that the charges against Plaintiff were not filed on, dismissed, or otherwise resolved in Plaintiff's favor. Defendant was a person for the purposes of this Count.

90. There was no probable cause or reasonable basis in fact or in law for ALLEN to cause the commencement of the criminal proceedings against Plaintiff.

91. ALLEN acted intentionally and with malice in initiating the criminal proceedings against the Plaintiff subject to this Count, as well as in making the arrests of Plaintiff, and Defendant ALLEN knew that his actions against Plaintiff were not supported by even arguable probable cause.

92. As a direct and proximate cause of Defendant ALLEN's actions, Plaintiff Watkins has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, and loss of reputation. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages under this count.

**COUNT IX**
**COMMON LAW MALICIOUS PROSECUTION**
**(Brought Against Lee)**

93. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

94. This count sets forth claims against Defendant LEEE for malicious prosecution, and is pled in the alternative. For purposes of this count, Defendant LEE was acting outside the course and scope of his employment with SHERIFF.

95. Defendant LEE caused the commencement and/or continuation of criminal proceedings against the Plaintiff subject to this Count. The subject proceedings had bona fide terminations in Plaintiff's favor in that the charges against Plaintiff were not filed on, dismissed, or otherwise resolved in Plaintiff's favor. Defendant is a person for the purposes of this Count.

96. There was no probable cause or reasonable basis in fact or in law for LEE to cause the commencement of the criminal proceedings against Plaintiff.

97. LEE acted intentionally and with malice in initiating the criminal proceedings against the Plaintiff subject to this Count, as well as in making the arrests of Plaintiff, and Defendant LEE knew that his actions against Plaintiff was not supported by even arguable probable cause.

98. As a direct and proximate cause of Defendant LEE's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss

of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, and loss of reputation. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages under this count.

**COUNT X**
**NEGLIGENCE**
**(Against Defendant Roberts)**

99. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

100. This count sets forth a claim against Defendant ROBERTS for common law negligence. Defendant ROBERTS knew or should have known that Plaintiff was with a zone of risk related to contact with its agents/employees.

101. Defendant ROBERTS owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant ROBERTS. He had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant ROBERTS because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

102. Defendant ROBERTS further breached its duty to properly supervise his employees and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity by his deputies.

103. The actions of Defendant ROBERTS were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that

merely reflected secondary decisions as to how policies or plans were to be implemented.

104. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendant ROBERTS and is therefore entitled to compensatory damages.

## COUNT XI
## COMMON LAW NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
## (Against Defendant Roberts)

105. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

106. This count sets forth a claim against Defendant ROBERTS for negligent hiring, retention, training and supervision.

107. Defendant ROBERTS breached its duty to properly hire, supervise, train and retain Defendants ALLEN and LEE and other officers, employees, and agents that all participated in the false arrests, stops and prosecutions of Plaintiff.

108. The breach of this duty to properly hire, retain, train and supervise the Defendants ALLEN and LEE and other officers, employees and agents resulted in damages and injury to Plaintiff. Defendant ROBERTS knew or should have known

that the actions, omissions, and derelictions of officers, employees, and agents could cause injury to Plaintiff.

109. Defendant ROBERTS breached its duties to hire and/or maintain the employment of employees who were fit for the duties they performed and to supervise and train its employees and agents. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained damages, including emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem and inconvenience and hurt and are therefore entitled to compensatory damages pursuant to the above provisions.

110. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

111. This count sets forth a claim against Defendants ALLEN and LEE for intentional infliction of emotional distress. This claim is pled in the alternative, and for the purpose of this claim, Defendants ALLEN and LEE were acting outside the course and scope of their employment with SHERIFF.

112. Defendants ALLEN and LEE's conduct set forth in part above included multiple instances of mistreatment of Plaintiff. This conduct by Defendants ALLEN and LEE constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendants ALLEN and LEE's conduct was the proximate cause of Plaintiff's

emotional distress and Plaintiff's emotional distress was severe. Defendants ALLEN and LEE's conduct constitutes the actionable tort of intentional infliction of emotional distress.

113. Defendants ALLEN and LEE's maliciously and intentionally caused Plaintiff emotional distress by making false statements all to cause Plaintiff to be unjustifiably subjected to arrest, imprisonment, and prosecution. These actions by Defendants ALLEN and LEE's were taken in bad faith and with a malicious purpose and with a willful disregard for Plaintiff's rights.

114. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff was injured and sustained economic damages, including lost income, lost prestige, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants ALLEN and LEE's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiff's damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future. Plaintiff is entitled to punitive damages under this count.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Against Defendants Allen and Lee)

124. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

125. This count sets forth a claim against Defendants ALLEN and LEE for intentional infliction of emotional distress. This claim is pled in the alternative, and for the purpose of this claim, Defendants ALLEN and LEE were acting outside the course and scope of their employment with SHERIFF.

126. Defendants ALLEN's and LEE's conduct set forth in part above included multiple instances of mistreatment of Plaintiff. This conduct by Defendants ALLEN and LEE constituted extreme and outrageous conduct that would shock the conscience of a reasonable person and goes beyond all bounds of decency. Defendants ALLEN's and LEE's conduct was the proximate cause of Plaintiff's emotional distress and Plaintiff's emotional distress was severe. Defendants ALLEN's and LEE's conduct constitutes the actionable tort of intentional infliction of emotional distress.

127. Defendants ALLEN and LEE maliciously and intentionally caused Plaintiff emotional distress by making false statements all to cause Plaintiff to be unjustifiably subjected to arrest, imprisonment, and prosecution. These actions by Defendants ALLEN and LEE were taken in bad faith and with a malicious purpose and with a willful disregard for Plaintiff's rights.

128. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff was injured and sustained economic damages, including lost income, lost prestige, lost potential employment and good standing in the community, he has lost the capacity for the enjoyment of life; sustained severe emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants ALLEN's and LEE's actions, and is therefore entitled to compensatory damages pursuant to the above provisions. Plaintiff's damages are continuous; they have occurred in the past, are occurring in the present, and will continue to occur in the future. Plaintiff is entitled to punitive damages under this count.

**COUNT XIII**
**FOURTEENTH AMENDMENT VIOLATIONS**
**(Against Defendant Roberts)**

129. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

130. This count sets forth claims against Defendant ROBERTS for abuse of power and the violation of the Plaintiff's property and liberty interests under the Due Process clause of the Fourteenth Amendment, brought through U.S.C. §1983. This count is set forth in the alternative and both the procedural and substantive Due Process rights of the Plaintiff are implicated and a claim for outrageous and shocking the conscious conduct is made herein.

131. Defendant ROBERTS violated the substantive and procedural Due Process clause of the Fourteenth Amendment by conducting illegal traffic stops, conducting illegal searches of Plaintiff's vehicles or vehicle in which Plaintiff was a passenger and Plaintiff's persons, placing illegal drugs, drug paraphernalia, narcotics equipment and devices, and other contraband on or around Plaintiff, illegally arresting and detaining Plaintiff, causing the malicious criminal prosecution of Plaintiff, making illegal false sworn statements in official documents regarding Plaintiff, and violating the civil and constitutional rights of Plaintiff against illegal search and seizure of their person and property, and their illegal and improper detention, prosecution and incarceration, for which there was no justification or legal basis. There was no process available to Plaintiff to prevent or stop the Defendant ROBERTS, through ALLEN and LEE, and other officers, employees, and agents from taking these illegal actions against Plaintiff. The actions against Plaintiff were taken knowingly, maliciously, and unlawfully, and under color of state law.

132. Defendant ROBERTS misused and abused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

133. Defendant ROBERTS is a person under applicable law, and is liable to Plaintiff for the violation of legal and constitutional rights. Defendant ROBERTS

delegated final policymaking to ALLEN, LEE and other officers, employees, and agents to make the decisions adversely affecting Plaintiff.

134. Defendant ROBERTS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for human rights, safety, and property. Defendant ROBERTS was further deliberately indifferent in failing to properly train ALLEN, LEE, and other officers, employees, and agents to prevent the harm that was caused to Plaintiff including policies or procedures to properly identify suspects who committed criminal activity; policies and procedures to identify officers who falsify facts to support probable cause affidavits; policies and procedures to supervise officers/deputies in SHERIFF's employ; policies and procedures to detect officers/deputies who may engage in criminal activity by planting drugs on innocent citizens like Plaintiff; and policies and procedures to properly discipline officers/deputies who willfully trample on the constitutional rights of law-abiding citizens like Plaintiff, and to prevent the type of harm described in part above.

135. At all times pertinent hereto, Roberts was responsible for (1) creating, adopting and implementing rules, regulations, orders, policies and procedures in the proper and effective hiring, supervising and retaining of law enforcement officers who do not have a propensity towards lying, planting evidence and falsifying probable cause affidavits to effect arrests; (2) creating, adopting and implementing

rules, regulations, orders, policies and procedures for the proper and efficient training of law enforcement officers in a way and to an extent necessary to ensure that the officers are properly completing probable cause affidavits and not planting evidence on citizens in Jackson County; (3) creating, adopting and implementing rules, regulations, orders, policies and procedures for proper policing, enduring the elimination of corruption in his ranks and to ensure that his officers/deputies are properly stopping citizens with reasonable suspicion and arresting with probable cause; (4) creating, adopting and implementing rules, regulations, orders, policies and procedures for the proper and efficient supervision, control, discipline and assignment of law enforcement officers in a way and to an extent necessary to ensure that citizens will not be subject to being falsely arrested; and (5) to implement rules, regulations, policies, orders and procedures for the elimination or reduction of instances of untruthfulness, including the unlawful arrests and instances of corroboration or ratification of untruthful accounts of criminal activities.

136. Through his officers, employees, and agents, and through his own actions and inactions ROBERTS, misused his powers, possessed by virtue of state law and made possible only because ROBERTS, his officers, employees and agents were clothed with the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

137. The foregoing actions of ROBERTS were taken in bad faith, with malicious purpose, and in a manner exhibiting willful and wanton disregard of human rights, safety and property, and were engaged in without any lawful justification and in the absence of probable cause. ROBERTS knew or should have known that there was no probable cause or other legal justification to arrest Plaintiff, given the circumstances present with SHERIFF's deputies and other personnel including but not limited to Defendants, ALLEN and LEE, who routinely engaged in a systematic pattern and practice of making illegal traffic stops, planting illegal drugs, drug paraphernalia, narcotics equipment, and other contraband on Plaintiff's person or in Plaintiff's presence, making false statements in probable cause affidavits and other charging documents, and causing the false arrests, and seizures of Plaintiff.

138. Based upon the facts presented to ROBERTS through his officers, employees, and agents and applicable law, no reasonable law enforcement agency or officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was well settled and clearly established that the actions of ROBERTS, his delegates, deputies, officers, employees and agents constituted false arrest under the Fourth Amendment to the United States Constitution at the time the actions were engaged in.

139. The actions or inactions of ROBERTS as set forth in part above constituted deliberate indifference and/or reckless disregard for the constitutional rights of Plaintiff.

140. ROBERTS acted with deliberate indifference in the failure to implement adequate hiring and supervisory procedures--or implemented no such policies or procedures-- to prevent the harm that was caused to Plaintiff including policies or procedures to properly identify suspects who committed criminal activity; policies and procedures to identify officers who falsify facts to support probable cause affidavits; policies and procedures to supervise officers/deputies in SHERIFF's employ; policies and procedures to detect officers/deputies who may engage in criminal activity by planting drugs on innocent citizens like Plaintiff; the rights of citizens the officers/deputies encounter in their duties; and policies and procedures to properly discipline officers/deputies who willfully trample on the constitutional rights of law abiding citizens like Plaintiff, and to prevent the type of harm described in part above, as a direct result of which Plaintiff was injured. ROBERTS was also deliberately indifferent in failing to train his officers in basic human dignity which resulted in constitutional violations as set forth in part above.

141. ROBERTS was deliberately indifferent in hiring, retaining and supervising the individual Defendants, ALLEN and LEE, and other deputies, as they were known to have engaged in constitutional violations prior to their illegal and

malicious actions against Plaintiff described herein. After knowledge of the constitutional violations by ALLEN and LEE, and other deputies, ROBERTS failed to investigate their actions or to fire them, which ultimately led to the violation of Plaintiff's constitutional rights.

142. Roberts acted with deliberate indifference to the possibility of false arrests and detentions by his deputies, has encouraged the well-settled policy, practice and custom of illegal stops, false arrests caused by planting drugs and other illegal things on Plaintiff and others in Jackson County. This involved Roberts knowledge of the disproportionate number of traffic stops in which drugs were located by Allen and Lee. Despite knowing of the unconstitutional behavior and the needs to take corrective actions, Roberts failed to do so.

143. Roberts was on notice, by the history of widespread abuse, of the need to correct the well-settled policy, practice and custom of Allen's and Lee's extreme and illegal actions against the citizens in Jackson County. The need for more or different training and supervision had been so obvious and the inadequacy of same, combined with Roberts' conscious choice not to act, has resulted in the violation of constitutional rights, as alleged herein. Roberts, in further disregard of the citizens of Jackson County, has, with deliberate indifference, either failed to direct, failed to require or has sought to limit investigations by JCSO into its deputies/officers conduct such that it is well settled policy, practice and custom of JCSO to limit

internal investigations, with few or no questions ever raised about Allen's and Lee's decisions to arrest multiples of citizens and others in Jackson County. By limiting the investigations, Allen's and Lee's illegal actions have continued, unchecked and have been ratified, condoned and/or consented to by Roberts.

144. Roberts, after being on notice of the history of the failure to properly investigate and thus address and correct the extreme and wanton acts of Allen and Lee and failed to do so, leading to the deprivation of Plaintiff's civil rights. The deprivation of civil rights described herein is a widespread pattern sufficient to notify Roberts and were obvious, flagrant, rampant and on continued duration over a period of years rather than isolated occurrences.

145. ROBERTS, individually and through delegated final decision makers, acted under color of state law and failed to supervise, investigate and discipline the ALLEN and LEE and other officers/deputies, employees and agents *as* alleged herein, and was deliberately indifferent in their training and supervision, the results of which were constitutional violations against Plaintiff and others. ROBERTS and his delegates failure to, supervise, investigate and discipline ALLEN and LEE and other officers/deputies, employees and agents, constitutes a willful failure to implement or enforce SHERIFF's policies and law by ROBERTS which resulted in the deliberate indifference to the constitutional rights of the Plaintiff set forth above.

146. ROBERTS supervisory and delegated final policymakers also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline ALLEN and LEE the individually named Defendants and other officers/deputies, employees, and agents, which established a policy and practice, by a final policymakers, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

147. The failures attributed to Roberts above including his ratification of Allen's and Lee's behavior, was a moving force or proximate cause of the injuries to Plaintiff.

148. The actions, inactions, well-settled polices, customs, practices and procedures referenced above were the moving force behind the violation of Plaintiff's rights. Roberts were grossly negligent, reckless and/or deliberately indifferent to the health, safety and welfare of Plaintiff in that Roberts assented to the failure to properly train, supervise, control, conduct proper investigations into prior arrests by Allen and Lee, screen and review for continued employment, the person and conduct of Allen and Lee. As a result, Roberts knew of had reason to know that Allen and/or Lee would act unlawfully and he failed to stop their actions, resulting in the violations of Plaintiff's civil rights.

149. The foregoing actions of Defendant ROBERTS were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful

justification. Defendant ROBERTS knew or should have known that his deputies were abusing their power, in violation of both the United States Constitution and federal law.

150. As a direct and proximate result of the actions of Defendant ROBERTS, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past, and will most likely occur in the future.

**COUNT XIV**
**FOURTEENTH AMENDMENT VIOLATIONS**
**(Brought Against Lee and Allen)**

146. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference in this Count.

147. This count sets forth claims against Defendants ALLEN and LEE for abuse of power and the violation of the Plaintiff's property and liberty interests under the Due Process clause of the Fourteenth Amendment, brought through U.S.C. §1983. This count is set forth in the alternative and both the procedural and substantive Due Process rights of the Plaintiff are implicated and a claim for outrageous and shocking the conscious conduct is made herein.

148. Defendants ALLEN and LEE violated the substantive and procedural Due Process clause of the Fourteenth Amendment by conducting illegal traffic stops, conducting illegal searches of Plaintiffs' vehicles and persons, placing illegal drugs, drug paraphernalia, narcotics equipment and devices, and other contraband on or around Plaintiffs, illegally arresting and detaining Plaintiffs, causing the malicious criminal prosecution of Plaintiffs, making illegal false sworn statements in official documents regarding Plaintiffs, and violating the civil and constitutional rights of Plaintiffs against illegal search and seizure of their person and property, and their illegal and improper detention, prosecution and incarceration, for which there was no justification or legal basis. There was no process available to Plaintiffs to prevent or stop Defendants ALLEN and LEE from taking these illegal actions against Plaintiffs. The actions against Plaintiffs were taken knowingly, maliciously, and unlawfully, and under color of state law.

149. Defendants ALLEN and LEE misused and abused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

150. Defendants ALLEN and LEE are persons under applicable law, and are liable to Plaintiffs for the violation of legal and constitutional rights.

151. Defendants ALLEN and LEE acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for human rights, safety, and property by conducting illegal traffic stops, conducting illegal searches of Plaintiffs' vehicles and persons, placing illegal drugs, drug paraphernalia, narcotics equipment and devices, and other contraband on or around Plaintiffs, illegally arresting and detaining Plaintiffs, causing the malicious criminal prosecution of Plaintiffs, making illegal false sworn statements in official documents regarding Plaintiffs, and violating the civil and constitutional rights of Plaintiffs against illegal search and seizure of their person and property, and their illegal and improper detention, prosecution and incarceration as described in part above.

152. The foregoing actions of Defendants ALLEN and LEE were willful, wanton and in reckless disregard of Plaintiffs' constitutional rights, and were taken without any lawful justification and resulted in the violation of the Plaintiffs' constitutional rights.

153. As a direct and proximate result of the actions of Defendants ALLEN and LEE Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present,

in the past, and will most likely occur in the future. Plaintiffs are entitled to punitive damages.

**COUNT XV**
**FOURTH AMENDMENT VIOLATION –**
**UNCONSTITUTIONAL SEARCH AND SEIZURE**
**(Against ALLEN and LEE)**

154. Plaintiff re-alleges paragraphs 1 through 27 above and incorporates those allegations in this Count. This Count is pled in the alternative.

155. This count sets forth claims against Defendants ALLEN and LEE for unconstitutional searches and seizures under the Fourth Amendment to the United States Constitution when they conducted pretextual stops of the Plaintiff as alleged herein. Defendants are persons under the laws applicable to this count.

156. The Defendants violations of Fourth Amendment to the United State Constitution were of the type and character as to which any reasonable person would be aware.

157. Defendants acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

158. The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of reasonable suspicion, arguable probable cause and/or probable cause.

159. Based upon the facts presented to these Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any legal basis to stop and search Plaintiff's vehicle or vehicle in which Plaintiff was a passenger and to seize property therefrom. The law was well settled and clearly established that the actions of Defendants constituted an unlawful search and seizure under the Fourth Amendment to the United States Constitution at the time the actions by Defendants were committed.

160. The actions or inactions of Defendants as set forth in part above constituted deliberate indifference or reckless disregard for the safety of Plaintiff when Defendants knew of and disregarded a risk to Plaintiff s health and safety.

161. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

162. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is also entitled to punitive damages under this count.

**COUNT XV**
**FOURTH AMENDMENT VIOLATION –**
**UNCONSTITUTIONAL SEARCH AND SEIZURE**
**(Against ROBERTS)**

163. Plaintiff re-alleges paragraphs 1 through 27 above and incorporates those allegations in this Count. This Count is pled in the alternative.

164. This count sets forth claims against Defendant ROBERTS for unconstitutional search and seizure under the Fourth Amendment to the United States Constitution. Defendant ROBERTS is a person under the laws applicable to this count.

165. This count sets forth a claim against Defendant ROBERTS, who through his officers, deputies, employees, and agents, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures. These violations were of the type and character as to which any reasonable law enforcement agency and/or officer would be aware. At all times pertinent hereto, Roberts was responsible for the deputies and employees working with JCSO including supervising, overseeing, training and establishing policies, customs and procedures to conform their conduct to the United States Constitution and Florida law.

166. At all times pertinent hereto, Roberts was responsible for (1) creating, adopting and implementing rules, regulations, orders, policies and procedures in the

proper and effective hiring, supervising and retaining of law enforcement officers who do not have a propensity towards pretextual stops of vehicles and creating circumstances to illegal search vehicles, planting evidence and falsifying probable cause affidavits to effect arrests; (2) creating, adopting and implementing rules, regulations, orders, policies and procedures for the proper and efficient training of law enforcement officers in a way and to an extent necessary to ensure that the officers are properly stopping vehicles where there is reasonable suspicion to believe that a crime has occurred and to search vehicles; (3) creating, adopting and implementing rules, regulations, orders, policies and procedures for proper policing, enduring the elimination of corruption in his ranks and to ensure that his officers/deputies are properly stopping citizens with reasonable suspicion and arresting with probable cause; (4) creating, adopting and implementing rules, regulations, orders, policies and procedures for the proper and efficient supervision, control, discipline and assignment of law enforcement officers in a way and to an extent necessary to ensure that citizens will not be subject to being stopped and/or searched in violation of the Fourth Amendment; and (5) to implement rules, regulations, policies, orders and procedures for the elimination or reduction of instances of pretextual stops and searches in an effort to plant drugs and/or other items to effect arrests.

167. Through his officers, employees, and agents, and through his own actions and inactions ROBERTS, misused his powers, possessed by virtue of state law and made possible only because ROBERTS, his officers, employees and agents were clothed with the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

168. The foregoing actions of ROBERTS were taken in bad faith, with malicious purpose, and in a manner exhibiting willful and wanton disregard of human rights, safety and property, and were engaged in without any lawful justification and in the absence of reasonable suspicion and/or probable cause. ROBERTS knew or should have known that there was no probable cause or other legal justification to stop and/or search Plaintiff, given the circumstances present with SHERIFF's deputies and other personnel including but not limited to individual Defendants, ALLEN and LEE, who routinely engaged in a systematic pattern and practice of making illegal traffic stops, planting illegal drugs, drug paraphernalia, narcotics equipment, and other contraband on Plaintiff's person or in their presence, making false statements in probable cause affidavits and other charging documents, and causing the false arrests, and seizures of Plaintiff.

169. Based upon the facts presented to ROBERTS through his officers, employees, and agents and applicable law, no reasonable law enforcement agency

or officer could have concluded that there existed any legitimate reason to stop and/or search Plaintiff. The law was well settled and clearly established that the actions of ROBERTS, his delegates, deputies, officers, employees and agents constituted false arrest under the Fourth Amendment to the United States Constitution at the time the actions were engaged in.

170. The actions or inactions of ROBERTS as set forth in part above constituted deliberate indifference and/or reckless disregard for the constitutional rights of Plaintiff.

171. ROBERTS acted with deliberate indifference in the failure to implement adequate hiring and supervisory procedures--or implemented no such policies or procedures -- to prevent the harm that was caused to Plaintiff including policies or procedures to properly identify suspects who committed criminal activity; policies and procedures to identify officers who falsify facts to support stops and searches; policies and procedures to supervise officers/deputies in SHERIFF's employ; policies and procedures to detect officers/deputies who may engage in criminal activity by illegally stopping and searching innocent citizens like Plaintiff; the rights of citizens the officers/deputies encounter in their duties; and policies and procedures to properly discipline officers/deputies who willfully trample on the constitutional rights of law abiding citizens like Plaintiff, and to prevent the type of harm described in part above, as a direct result of which Plaintiff was injured.

ROBERTS was also deliberately indifferent in failing to train his officers in basic human dignity which resulted in constitutional violations as set forth in part above.

172. ROBERTS was deliberately indifferent in hiring, retaining and supervising the individual Defendants, ALLEN and LEE, and other deputies, as they were known to have engaged in constitutional violations prior to their illegal and malicious actions against Plaintiff described herein. After knowledge of the constitutional violations by ALLEN and LEE, and other deputies, ROBERTS failed to investigate their actions or to fire them, which ultimately led to the violation of Plaintiff's constitutional rights.

173. Roberts acted with deliberate indifference to the possibility of false arrests by his deputies, has encouraged the well-settled policy, practice and custom of these illegal stops and searches which allowed Allen and Lee and other deputies to plant drugs and other illegal things on Plaintiff and others in Jackson County. This involved Roberts knowledge of the disproportionate number of traffic stops in which drugs were located by Allen and Lee. Despite knowing of the unconstitutional behavior and the needs to take corrective actions, Roberts failed to do so.

174. Roberts was on notice, by the history of widespread abuse, of the need to correct the well-settled policy, practice and custom of Allen and Lee's extreme and illegal actions against the citizens in Jackson County. The need for more or different training and supervision had been so obvious and the inadequacy of same,

combined with Roberts' conscious choice not to act, has resulted in the violation of constitutional rights, as alleged herein. Roberts, in further disregard of the citizens of Jackson County, has, with deliberate indifference, either failed to direct, failed to require or has sought to limit investigations by JCSO into its deputies/officers conduct such that it is well settled policy, practice and custom of JCSO to limit internal investigations, with few or no questions ever raised about Allen's and Lee's decisions to stop, search and arrest multiples of citizens and others in Jackson County. By limiting the investigations, Allen's and Lee's illegal actions have continued, unchecked and have been ratified, condoned and/or consented to by Roberts.

175. Roberts, after being on notice of the history of the failure to properly investigate and thus address and correct the extreme and wanton acts of Allen and Lee and failed to do so, leading to the deprivation of Plaintiff's civil rights. The deprivation of civil rights described herein is a widespread pattern sufficient to notify Roberts and were obvious, flagrant, rampant and on continued duration over a period of years rather than isolated occurrences.

176. ROBERTS, individually and through delegated final decision makers, acted under color of state law and failed to supervise, investigate and discipline the ALLEN and LEE and other officers/deputies, employees and agents *as* alleged herein, and was deliberately indifferent in their training and supervision, the results

of which were constitutional violations against Plaintiff and others. ROBERTS and his delegates failure to, supervise, investigate and discipline ALLEN and LEE and other officers/deputies, employees and agents, constitutes a willful failure to implement or enforce SHERIFF's policies and law by ROBERTS which resulted in the deliberate indifference to the constitutional rights of the Plaintiff set forth above.

177. ROBERTS supervisory and delegated final policymakers also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline ALLEN and LEE the individually named Defendants and other officers/deputies, employees, and agents, which established a policy and practice, by a final policymakers, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

178. The failures attributed to Roberts above including his ratification of Allen's and Lee's behavior, was a moving force or proximate cause of the injuries to Plaintiff.

179. The actions, inactions, well-settled polices, customs, practices and procedures referenced above were the moving force behind the violation of Plaintiff's rights. Roberts were grossly negligent, reckless and/or deliberately indifferent to the health, safety and welfare of Plaintiff in that Roberts assented to the failure to properly train, supervise, control, conduct proper investigations into prior arrests of Allen and Lee, screen and review for continued employment, the

person and conduct of Allen and Lee. As a result, Roberts knew of had reason to know that Allen and/or Lee would act unlawfully and he failed to stop their actions, resulting in the violations of Plaintiff's civil rights.

180. As a direct and proximate cause of ROBERTS' actions, Plaintiff has been damaged, which damages include: grave mental anguish. pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, lost wages and other tangible losses, loss of reputation, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff's attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF